# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN TAMBURI,
                Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,
                Agency.

DOCKET NUMBER
AT-1221-15-0326-X-1

DATE: September 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>John Tamburi</u>, Marietta, Georgia, pro se.

<u>William Vines</u>, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On August 24, 2015, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the parties' May 8, 2015 settlement agreement, and the matter was referred to the Board for consideration. *Tamburi v. Department of Transportation*, MSPB Docket

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

No. AT-1221-15-0326-C-1, Initial Decision (Aug. 24, 2015); Compliance File (CF), Tab 7, Compliance Initial Decision (CID). For the reasons discussed below, we DISMISS the petition for enforcement as settled.

¶2     In the compliance initial decision, the administrative judge found that, because the agency provided no evidence that it adjusted the appellant's time in grade to F/G-14 from June 22, 2008, through February 7, 2015, paid the appellant the appropriate amount of back pay, or used whatever portion of that back pay was necessary to repay the appellant's notice of indebtedness with the Department of Interior, it had materially breached the settlement agreement. CID at 3. Accordingly, the administrative judge ordered the agency to adjust the appellant's time in grade to F/G-14 from June 22, 2008, through February 7, 2015, pay the appellant the appropriate amount of back pay, use whatever portion of that back pay was necessary to repay the appellant's notice of indebtedness with the Department of Interior, and fully comply with all other relevant aspects of 5 C.F.R. § 1201.183. CID at 4.

¶3     After issuance of the compliance initial decision finding noncompliance, the parties submitted a document titled "SETTLEMENT AGREEMENT" signed and dated by the agency on May 17, 2016, and by the appellant on May 18, 2016. *Tamburi v. Department of Transportation*, MSPB Docket No. AT-1221-15-0326-X-1, Compliance Referral File (CRF), Tab 14. The document provides for, among other things, the withdrawal of the underlying petition for enforcement. *Id*.

¶4     Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have satisfied these requirements: they have entered into a settlement agreement, they understand the terms, and they want the Board to enforce those terms. CRF, Tab 14 at 6.

¶5        In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether its subject matter is within the Board's jurisdiction. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of the case—the enforcement of the terms of the May 8, 2015 settlement agreement under which the appeal in *Tamburi v. Department of Transportation*, MSPB Docket No. AT-1221-15-0326-W-1 was dismissed as settled—is within the Board's jurisdiction under 5 C.F.R. § 1201.41(c)(2)(i). Accordingly, we find that dismissal of the petition for enforcement is appropriate, and we accept the settlement agreement fully executed by the parties on May 18, 2016 into the record for enforcement purposes.

¶6        This is the final decision of the Merit Systems Protection Board in this petition for enforcement. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

4

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.